STATE OF CONNECTICUT *v.* JOSEPH G. COPPOLA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 9-25445

Argued March 13—decided August 18, 1967

*Irwin D. Mittelman,* of Middletown, for the appellant (defendant).

*Salvatore F. Arena,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J.   The defendant in a trial to the jury was convicted of the crime of speeding in violation of § 14-219 (a) (2) of the General Statutes and has assigned as error the trial court's denial of his motion to set aside the verdict as contrary to the law and the evidence, and the admission into evidence by the trial court of the radar graph.

The basic claim of the defendant underlying his assignments of error is that the radar graph was inadmissible as evidence because it contained notations made on it by the radar operator from notes made by him on a separate pad which was not available at the trial.

As no finding was required and none was made, we examine the evidence to ascertain the factual background pertinent to the claimed errors.   On April 22, 1966, the defendant was operating a tan-colored 1966 Chevrolet station wagon, Connecticut registration BS-028, northerly on I 91, a multiple-lane limited-access highway on which the maximum speed limit was seventy miles an hour and on which a radar unit had been set up and was in operation. The radar operator observed the vehicle which was operated by the defendant in the middle lane of the three-lane highway and radioed ahead to the chase car operator to stop this car—giving him the

description of the car—with Connecticut registration plates and a speed of seventy-six miles an hour, but the radar operator was unable to observe the registration number. He observed the chase car operator, who was stationed about a quarter of a mile from him and who was visible to him, stop the car. There were two other vehicles observed by the radar operator, one about seventy-five feet ahead of the defendant and traveling at a speed of seventy-two miles an hour, and the second, almost identical in appearance with the defendant's car, about seventy-five feet behind the defendant, also in the middle lane, and traveling at a speed of fifty-eight miles an hour. This car was also stopped by the chase car operator. Neither the radar operator nor the chase car operator had any further recollection of this particular incident.

The state offered in evidence the portion of the radar graph paper which purported to show a speeding violation by the defendant and which contained notations made by the radar operator. These notations were originally made on a pad of paper attached to a clipboard. It took two minutes and ten seconds for this portion of the graph paper to pass through the graphic recorder. It was then torn off. Immediately upon apprehension of the defendant and confirmation with the chase car operator of the notations made on the pad, the notations were made upon the graph paper in accordance with the usual and normal procedure of the state police. The pad upon which the notations were originally made was not produced at the trial, nor its whereabouts accounted for. The radar instrument registers the speed of the vehicle by means of a visual speedmeter, similar to an automobile speedometer, and by a graphic recorder which makes a permanent record of the speed by means of redline markings on graph paper. It is on this graph

paper that the radar operator notes his observations as to identification of the particular automobile, weather conditions, etc.

The only evidence of the speed of the defendant's vehicle was the recording on the graph paper. The radar operator had no recollection of the incident, nor is there any evidence of his observation of the speed as recorded on the visual speedmeter. Such observation is regarded as the primary evidence, the graphic recording being merely corroboratory and confirmatory of what the witness visually observed. *State* v. *Tomanelli,* 153 Conn. 365, 374; *State* v. *Lenzen,* 24 Conn. Sup. 208, 213, 1 Conn. Cir. Ct. 499, 505; *State* v. *Naumec,* 3 Conn. Cir. Ct. 575, 579. But in the case before us the radar graph was the primary evidence of the speed. While the notes made by the radar operator were made on a separate pad, the information contained in them was not finalized until confirmed by the chase car operator, and the confirmed information was then immediately entered on the graph paper in accordance with normal procedure. We see no error in the admission into evidence of the graph paper.

In examining and testing the evidence as the jury would have done, we conclude that the trial court did not err in denying the defendant's motion to set aside the verdict.

There is no error.

In this opinion Kosicki and Jacobs, Js., concurred.